**FILED**

AUG 2 4 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL VANDER VENNET, PATRICK BRACEY, TRACY HARRISON, LORI LANGER, RANDY MYERS, GARY SEVERS, ERIC SKARPAC, JOHN TAMEL, KARIN ODDSEN-TAYLOR, MICHAEL THRASHER, ANGELA WHITE, and other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN INTERCONTINENTAL UNIVERSITY ONLINE; CAREER EDUCATION CORPORATION, and STEVE FIRENG, an Individual,<br><br>Defendants. | Case No. **05C 4889**<br>Judge<br>Magistrate **JUDGE HART**<br><br>JURY DEMANDED<br>MAGISTRATE JUDGE MASON |

## COMPLAINT

NOW COME Plaintiffs, PAUL VANDER VENNET, PATRICK BRACEY, TRACY HARRISON, LORI LANGER, RANDY MYERS, GARY SEVERS, ERIC SKARPAC, JOHN TAMEL, KARIN ODDSEN-TAYLOR, MICHAEL THRASHER, ANGELA WHITE and other similarly situated persons, by and through their attorneys, ROBIN B. POTTER & ASSOCIATES, P.C., and complain of Defendants AMERICAN INTERCONTINENTAL UNIVERSITY ONLINE (hereafter, "AIU" or "AIU Online"); CAREER EDUCATION CORPORATION, and STEVE FIRENG, an Individual, as follows:

## INTRODUCTION

1. Plaintiffs bring this action to recover from the individual and corporate Defendants, unpaid regular and overtime compensation, liquidated damages, attorneys' fees, costs, and other relief for defendants' violations of state and federal wage and hour laws.

2. Plaintiffs allege overtime violations pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §216(b), (hereinafter referred to as "the Act" or "the FLSA"), the Illinois Minimum Wage Law, 820 ILCS §105 et seq., (IMWL), and the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq., (IWPCA).

## JURISDICTION AND VENUE

3. Jurisdiction over Counts I and II of this action arises under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), and by the provisions of 28 U.S.C. §1331 and §1337. Jurisdiction over Counts III, and IV, arise under Illinois law and pursuant to 28 U.S.C. §1367 and principles of supplemental jurisdiction.

4. Venue is proper pursuant to 29 U.S.C. §1391 as these violations occurred at defendants' places of business and within the geographic jurisdiction of this Court.

## PARTIES

5. Defendant AIU is the wholly owned subsidiary of defendant CEC. AIU Online commenced operations in early April 2001, selling college programs online. AIU has over 20,000 students that it enrolls via the internet, in full-time degree programs, including Associates, Bachelors and Masters programs. In the lasts three years, it has employed thousands of telemarketers such as plaintiffs, to recruit students, including at locations in

VV et all. AIU-CEC FLSA Complaint.final.wpd
August 24, 2005/nms

-2-

Hoffman Estates, and Downers Grove, Illinois, as well as in other states. Defendant is an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d), Illinois Minimum Wage Law, 820 ILCS §105/3(c) and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

6. Defendant CEC is the parent of AIU. CEC is a nationwide for-profit higher education institution, providing educational and vocational programs for working adult students. It has over 80 "brick and mortar" schools in 25 states, as well as in Canada, France, England and Egypt. Defendant CEC is an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d), Illinois Minimum Wage Law, 820 ILCS §105/3(c) and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

7. Defendants' corporate offices are located in Hoffman Estates, Illinois.

8. At all relevant times, Defendant Steve Fireng, an individual, is and has been an officer and employee of the corporate defendants. Fireng oversaw the operations at AIU, and made the decision and took action to deny plaintiffs and others payment for certain hours worked. Defendant Fireng is an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d), Illinois Minimum Wage Law, 820 ILCS §105/3(c) and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2 and has individual liability for the damages sought herein.

9. At all relevant times, each of the defendants was an agent, servant or employee of each of the remaining defendants, and acted within the purpose or scope of said agency or employment, and / or with the express or implied knowledge, permission or consent of the remaining defendants.

W et all. AIU-CEC FLSA Complaint.final.wpd
August 24, 2005/nms

-3-

10.   Plaintiffs were all absent class members in a class action filed under Illinois law in the Circuit Court of Cook County, *Finnigan, et al. V. AIU Online*, Case No. 03 CH 18335. On June 17, 2005, the presiding trial judge, the Honorable Judge Thomas P. Quinn issued an order denying plaintiffs' motion for class certification on these claims. Judge Quinn also denied defendant AIU's motion for summary judgment on these claims. The class in *Finnigan* was defined as all current and former admissions advisors at AIU Online in the Cumberland and Hoffman Estates facilities. As a result of Judge Quinn's ruling, the statute of limitations on Counts III and IV has been tolled on the state wage and hour claims for plaintiffs and for all other admissions advisors employed on or before June 17, 2005, at least in these two facilities.

11.   At all relevant times, plaintiffs worked as admissions advisors for defendants. Plaintiffs were each assigned to "teams" of approximately twenty-five admissions advisors. Each team was supervised by various managers, including senior admissions advisors, assistant directors of admissions, directors of admissions and defendant Fireng. Defendant Fireng supervised the daily operations at AIU, and participated in the decisions and actions complained of herein.

12.   Plaintiff Paul Vander Vennet resides in Rockford, Illinois and worked as a full time, non-exempt employee for defendants from January 13, 2003 until July 27, 2004. During his employment, plaintiff was assigned to the "Holy Cows" team and to the "School of Fish" team.

13.   Plaintiff Patrick Bracey resides in Waukegan, Illinois and worked as a full time, non-exempt employee for defendants from June 2003 through February 2004. Mr. Bracey was assigned to the "Fireng Sqaud" team.

VV et all. AIU-CEC FLSA Complaint.final.wpd
August 24, 2005/nms

-4-

14. Plaintiff Tracy Harrison resides in Schaumburg, Illinois and worked as a full time, non-exempt employee for defendants from January 2003 through September 2004 when she went on a leave of absence until she left AIU in January 2004. During her employment, plaintiff was assigned to the "Holy Cows" team and to the "School of Fish" team.

15. Plaintiff Lori Langer resides in Wheeling, Illinois and worked in full and part time, non-exempt capacities for defendants from October 17, 2002 through the present. Since December 2003 Ms. Langer has been on a disability leave of absence. During her employment, plaintiff was assigned to the "Admissionaries" team.

16. Plaintiff Randy Myers resides in Elgin, Illinois and worked as a full time, non-exempt employee for defendants from December 2002 through March 2003. Mr. Meyers was assigned to teams that were supervised by Pat Carney and Pamela Pajak.

17. Plaintiff Gary Severs resides in Rozelle, Illinois, and worked as a full time, non-exempt employee for defendants from January 2003 through November 2004. Mr. Severs worked in the Hoffman Estates and Cumberland locations, and was assigned to the "Admissionaries," the "Superstarters," and the "Mac 49ers" teams.

18. Plaintiff Eric Skarpac resides in Deerwood, Maryland and worked as a full time, non-exempt employee for defendants from January 13, 2003 through July 17, 2003. Mr. Skarpac was assigned to the "Jump Starters" and the "Rich and Famous" teams.

19. Plaintiff John Tamel resides in Carpentersville, Illinois and worked as a full time, non-exempt employee for defendants March 2002 through December 2003. During his employment, plaintiff was assigned to the "Holy Cows" team and to the "School of Fish" team.

20. Plaintiff Karin Oddsen-Taylor worked as a full time, non-exempt employee for defendants from July 2002 through July 2004. She was assigned to the "Holy Cows" team under the supervision of Mark Savasta.

21. Plaintiff Michael Thrasher resides in Bollingbrook, Illinois and worked as a full time, non-exempt employee for defendants from May 2003 through November 2003. Mr. Thrasher was assigned to the "School of Fish" team.

22. Plaintiff Angela White resides in Waukegan, Illinois and worked as a full time, non-exempt employee for defendants from September 2003 through July 2004. Ms. White was assigned to the "Mac 49ers" team.

23. During the course of their employment, Plaintiffs were non-exempt "employees" under the Fair Labor Standards Act, 29 U.S.C. §203(e)(1) and the Illinois Minimum Wage Law, 820 ILCS 105/3(d), and were "employees" under the Illinois Wage Payment and Collection Act, 820 ILCS 115/2. Plaintiffs were entitled to overtime pay for all overtime hours that they were suffered or permitted to work by defendant but were not paid for all hours or overtime hours worked.

## FACTS COMMON TO ALL COUNTS

24. Unlike traditional colleges and universities, whose capacities are limited by physical resources, AIU/CEC can accept as many students as can be enrolled. To optimize this potential, defendants employ scores of telemarketers, also known interchangeably as "Admissions Advisors." Plaintiffs and defendants' other telemarketers sit in rows of open cubicles at their workplace facility, calling student "leads" in an attempt to enroll as many students as possible in defendants' on line university.

W et all. AIU-CEC FLSA Complaint.final.wpd
August 24, 2005/nms

-6-

25. During their employment, defendants assigned "leads" to plaintiffs and other telemarketers, who used these leads to recruit and enroll students, by phone, into one of the AIU degree programs. Plaintiffs were placed on shift schedules and enjoyed no discretion to negotiate the terms and conditions of student enrollment. Plaintiffs and other admissions advisors were closely monitored by AIU/CEC managers, including defendant Fireng, who tabulated hourly progress on sales, including but not limited to the following: the number of phone calls made, appointments scheduled and students enrolled.

26. During plaintiffs' employment, defendants fostered and encouraged a high pressure sales environment. Plaintiffs and other admissions advisors were pushed to work longer hours and sell more by making more calls. In order to reach leads who reside in numerous time zones, Plaintiffs were directed to make calls at all hours, including from their homes and from their personal phones. Defendants demanded and were aware that its Admissions Advisors, including plaintiffs, regularly, routinely and repeatedly were required to and did work in excess of 40 hours per week.

27. At hire, plaintiffs were provided an employee handbook by defendants, portions of which are attached hereto as Exhibit "A." The handbook provided, in relevant part, that plaintiffs would be paid overtime for overtime hours worked. Exhibit "A," p. 84. In addition, defendants' agents orally promised to pay plaintiffs and other admissions advisors for all hours worked, and overtime for hours worked over forty in a one-week period. As set forth herein, defendants failed to honor this promise, and wilfully and knowingly denied payment for overtime worked by plaintiffs and others.

28. Defendants required plaintiffs and other admissions advisors to maintain weekly timesheets. Admissions advisors were paid according to the hours they recorded on their timesheets. These timesheets were returned to defendants' managers, and payroll department on a weekly basis.

29. Defendants, through their managers and agents, regularly directed plaintiffs and other admissions advisors to under-report the time they worked on their timesheets. As a result, plaintiffs and other admissions advisors worked numerous hours of unpaid overtime, at defendants' direction. Defendant Fireng personally directed and instructed employees to work overtime, without pay, in order to meet their job requirements.

30. Numerous employees complained to defendants' managers and directors about the practice of failing to pay overtime for all hours worked. On one occasion, plaintiff Skarpac computed the amount of time defendants allotted for completion of each performance requirement. These calculations revealed that admissions advisors were required to work on average, 1.5 hours of overtime per day to complete their assignments. Mr. Skarpac showed these calculations to his supervisors and complained about the non-payment of overtime; however, his supervisor continued to refuse to authorize payment.

31. On or about July 14, 2003, Plaintiff Vander Vennet, along with three other employees, requested and convened a meeting with defendants' Human Resources manager, Judy Clinton. During this meeting, these employees protested to Ms. Clinton that admissions advisors were regularly working many hours of overtime for which they were not paid overtime wages, in violation of the law.

32. Following the meeting, defendants' corporate officers, including Jennifer Serviss, defendant Fireng, and Jeremy Wheaton were made aware of the employees'

complaints about unpaid overtime. Following this meeting, defendants' HR department conducted an investigation relating to the allegations, and numerous employees confirmed that their supervisors directed to work overtime, off-the-clock.

33. Nonetheless, defendants' failure to pay for all overtime worked continued unabated. Defendants have not offered to compensate plaintiffs or other admissions advisors for unpaid overtime they regularly worked. Further, Defendants retaliated against each of the employees who participated in this meeting, and others who complained about overtime violations.

## COUNT I–FLSA–OVERTIME VIOLATIONS

34. Plaintiffs reallege and restate paragraphs 1-33 as if fully set forth herein.

35. Defendants AIU and CEC are private sector, for-profit, Illinois corporations, and are an "employers" under the FLSA. 29 U.S.C. §203(d). Defendant Fireng, an individual, is also an "employer" as defined by the FLSA, by virtue of his implementation of and responsibility for the policies and practices complained of herein.

36. At all relevant times, defendants AIU and CEC have been and are enterprises "engaged in commerce," as defined by the FLSA. 29 U.S.C. §203(r) and (s).

37. During their employment, plaintiffs worked as full time admissions advisors and were therefore "employees" under the FLSA. 29 U.S.C. §203(e)(1).

38. Plaintiffs were not exempt employees under the FLSA, but rather, were covered employees during their entire employment and were entitled to its benefits and protections.

39. During the course of their employment, Defendants required and suffered Plaintiffs and others to work in excess of forty hours per week, without compensation for

overtime pay, in violation of the FLSA. 29 U.S.C. §213(a)(1). Defendant Fireng personally directed admissions advisors to work overtime without pay.

40. Plaintiffs have been damaged by defendants' violation of the FLSA in an amount not presently ascertainable, and requiring an accounting of the same.

**WHEREFORE**, plaintiffs pray that this Court enter judgment in their favor and against defendants, and that defendants pay to plaintiffs:

    a. The full amount of wages due for all hours worked, as well as the unpaid premium overtime compensation, and an equal amount in liquidated damages plus prejudgment interest;

    b. Reasonable attorneys' fees and costs; and

    c. All other relief that this Court deems necessary and just.

## COUNT II – FLSA–WILLFUL

41. Plaintiffs reallege and restate paragraphs 1-40 as if fully set forth herein.

42. Defendants knew that Plaintiffs and others worked overtime hours for which they were not paid overtime compensation. Defendant Fireng personally directed admissions advisors to work overtime without pay.

43. Defendants told plaintiffs that they were "non-exempt" and were entitled to overtime, but nonetheless, refused to pay plaintiffs overtime compensation for overtime hours that they worked.

44. Defendants retaliated against admissions advisors who complained about the aforementioned wage and hour violations, and persisted in committing violations after their investigation confirmed that the practices were endemic.

45.

46. Defendant, through its agents and managers, directed plaintiffs to falsely alter their contemporaneously-recorded time records to reflect they worked no overtime hours, when in fact plaintiffs had worked overtime.

47. Defendant knowingly and willfully violated the FLSA, 29 U.S.C. 201 et. seq.

48. Plaintiffs have been damaged by defendants' willful violation of the FLSA in an amount not presently ascertainable.

**WHEREFORE**, plaintiffs pray that this Court enter judgment in their favor and against defendant, and that defendant pay to plaintiffs:

a. The full amount of wages due for all hours worked, as well as the unpaid premium overtime compensation, and an equal amount in liquidated damages plus prejudgment interest;

b. Reasonable attorneys' fees and costs incurred in the prosecution of this case; and,

c. All other relief that this Court deems necessary and just.

### COUNT III–ILLINOIS MINIMUM WAGE ACT

49. Plaintiffs reallege and restate paragraphs 1-47 as if fully set forth herein.

50. Defendants AIU and CEC are "employers" as defined by Section 3(c) of the Illinois Minimum Wage Law, 820 ILCS §105/3(c). Defendant Fireng is an employer by virtue of his participation and implementation of the wage and hour violations complained of. Defendants are required by Illinois law to pay overtime at one and one-half times the regular hourly rate for all hours worked in excess of 40 in one week. 820 ILCS §105/4(A).

51. At all relevant times, plaintiffs were "employees" of defendant as defined by section 3(d) of the Illinois Minimum Wage Law, 820 ILCS §105/3(d). Plaintiffs were not exempt under the Illinois Minimum Wage Law.

52. Defendants failed to pay overtime to plaintiffs for hours they worked in excess of 40 in one week in violation of the Illinois Minimum Wage Law. 820 ILCS §105/4(A).

53. Plaintiffs have been damaged by defendants' violations of the Illinois Minimum Wage Law in an amount not presently ascertainable.

**WHEREFORE**, plaintiffs respectfully request that this Court enter judgment in their favor and against defendants and order that defendants pay to plaintiffs:

a. The full amount of wages due for all unpaid hours as allowed by Section 12(a) of the Illinois Minimum Wage Law, 820 ILCS §105/12(a);

b. Punitive Damages as allowed by Section 12(a) of the Illinois Minimum Wage Law, 820 ILCS §105/12(a);

c. Attorney fees and costs; and

d. All other relief that this Court deems necessary and just, including prospective injunctive relief to assure compliance with the IMWL.

## COUNT IV
## (ILLINOIS WAGE PAYMENT AND COLLECTION ACT)

54. Plaintiffs re-allege and re-state paragraphs 1 through 53, as if fully set forth herein.

55. Defendants agreed and promised, orally and in writing, to pay plaintiffs overtime. See, e.g. Exh. "A".

56. Overtime pay falls within the definition of "wages" as defined by the IWPCA. 820 ILCS §115/2.

57. Defendants were required to pay plaintiffs said wages every pay period. 820 ILCS §115/3.

VV et all. AIU-CEC FLSA Complaint.final.wpd
August 24, 2005/nms

-12-

58. Defendants failed to pay plaintiffs overtime wages for overtime hours worked, and holiday pay, in violation of its agreements with plaintiffs and in violation of the IWPCA. 820 ILCS §115/4.

59. Plaintiffs have been damaged by defendants' violation of the IWPCA.

**WHEREFORE**, plaintiffs respectfully request that this Court enter judgment in their favor and against defendants and order that defendant pay to plaintiffs:

a. The full amount of wages due for all unpaid and overtime hours as allowed by the IWPCA, 820 ILCS §115/4;

b. Attorney fees and costs pursuant to 705 ILCS §225; and

c. All other relief that this Court deems necessary and just.

Respectfully submitted,

By: /s/ Robin Potter
One of Plaintiffs' Attorneys

Robin B. Potter, Esq.
ROBIN POTTER & ASSOCIATES, P.C.
111 E. Wacker, Suite 2600
Chicago, Illinois 60601
(312) 861-1800

Dated: August 24, 2005



## Welcome New Employee!

On behalf of your colleagues, we welcome you to American InterContinental University Online and wish you every success here.

We believe that each employee plays a key role in the Company's growth and success, and we hope you will take pride in being a member of our team.

This handbook was developed to describe some of the expectations of our employees and to outline the policies, programs, and benefits available to eligible employees. Employees should familiarize themselves with the contents of the employee handbook as soon as possible, for it will answer many questions about employment with the Company.

We hope that your experience here will be challenging, enjoyable, and rewarding. Again, welcome!

PLAINTIFF'S EXHIBIT "A"



## Overtime

When operating requirements or other needs cannot be met during regular working hours, employees may be scheduled to work overtime hours. When possible, advance notification of these mandatory assignments will be provided. All overtime work must receive the supervisor's **prior** authorization. Overtime assignments will be distributed as equitably as possible to all employees qualified to perform the required work.

Overtime compensation is paid to all eligible employees in accordance with federal and state wage and hour restrictions. Overtime pay is based on actual hours worked. Time off on sick leave, vacation leave, holiday leave, or any leave of absence will not be considered hours worked for purposes of performing overtime calculations.

Failure to work scheduled overtime or working overtime without prior authorization from the supervisor may result in disciplinary action, up to and including possible termination of employment.

