IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Paul Vander Vennet, Patrick Bracey, Tracy Harrison, Lori Langer, Randy Myers, Gary Severs, Eric Skarpac, John Tamel, Karin Oddsen-Taylor, Michael Thrasher, Angela White, and other similarly situated persons, | ) ) ) ) ) ) | Case No. 05 C 4889 |
| | ) | Judge Hart |
| Plaintiffs, | ) ) | Magistrate Judge Mason |
| v. | ) ) | Jury Demanded |
| American Intercontinental University Online, Career Education Corporation, and Steve Fireng, an individual, | ) ) ) ) | |
| Defendants. | ) | |

**AGREED MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF CLAIM OF PLAINTIFF TRACY HARRISON**

Plaintiff, Tracy Harrison ("Harrison"), and Defendants, American InterContinental University, Inc. ("AIUO"), Career Education Corporation and Steve Fireng, move this Court to approve a settlement voluntarily agreed to by Harrison and AIUO, and their respective counsel, as a full and complete resolution of Harrison's claims in this action, including all claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and to dismiss Harrison from this suit. In support of this Motion, the parties state as follows:

1. On or around August 24, 2005, Harrison and ten other plaintiffs filed the instant lawsuit against Defendants, alleging that Defendants failed to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"). On or about November 2, 2005, Harrison and eleven other plaintiffs filed an Amended Complaint.

1

Defendants deny and have denied all material allegations therein, including the allegations that it failed to pay overtime wages or otherwise violated the FLSA.

2. Prior to the institution of this lawsuit, Harrison had filed employment discrimination charges against AIUO and CEC, which are pending before the Equal Employment Opportunity Commission ("EEOC"). AIUO and CEC have denied, and continue to deny, all material allegations contained in the charges, including the allegations that they violated Title VII of the Civil Rights Act of 1964.

3. From June 2005 to the present, the parties have been engaged in conciliation with the EEOC, with the objective of negotiating a mutually agreeable resolution between the parties. Throughout the conciliation process, Harrison was represented by Robin Potter, the same attorney who represents the plaintiffs in this lawsuit.

4. In or around November 2005, following negotiations both through the EEOC and directly through their counsel, Harrison and AIUO agreed to enter into a conciliation agreement with the EEOC, as well as a private confidential settlement agreement. The private confidential settlement agreement, which assigns no liability and in which AIUO expressly denies any wrong-doing, provides for a monetary payment to Harrison in exchange for a complete release of any and all claims she has, had, or may have against Defendants, including the claims made in this lawsuit.

5. Under 29 U.S.C. § 216(c), for a release of FLSA claims to be valid, the Court must supervise and approve the settlement. The Court should do so here. The parties, both of whom are represented by counsel, wish to settle all outstanding matters between them by entering into a comprehensive settlement and release agreement. The parties agree that the consideration to be paid by AIUO to Harrison under the private confidential settlement

agreement is sufficient to compensate her for any claim she may have under the FLSA. The EEOC, which is aware that Harrison will be withdrawing from this lawsuit as part of the parties' private settlement agreement, also agrees that the negotiated outcome represents a fair resolution of all issues.

6. Given that the settlement agreement resulted from negotiations between represented parties and the EEOC, and that strict confidentiality is one of its critical terms, the parties respectfully request that the Court approve the settlement based upon the parties' representation of its appropriateness.[1]

---

[1] Alternatively, the parties would consent to an *in camera* review of the confidential settlement agreement. At least one other judge in this district has used this method of *in camera* review to approve the settlement of FLSA claims. *See Taillon v. Kohler Rental Power, Inc.*, No. 02 C 8882 (N.D. Ill. Feb. 10, 2004) (Darrah, J.).

WHEREFORE, Harrison and the Defendants respectfully request that the Court enter an order approving the confidential settlement reached between Tracy Harrison and AIUO, and dismissing Harrison from the lawsuit, with prejudice. This settlement does not impact the remaining suit or claims, all of which remain pending before this Court.

Respectfully submitted,

TRACY HARRISON

By  s/ Robin B. Potter
    Robin B. Potter
    Robin Potter & Associates, P.C.
    111 East Wacker Drive, Suite 2600
    Chicago, IL 60601
    (312) 861-1800
    Attorney for Plaintiffs

AMERICAN INTERCONTINENTAL
UNIVERSITY, INC., CAREER
EDUCATION CORPORATION, AND
STEVE FIRENG

By  s/ Jeffrey L. Rudd
    James M. Gecker
    Stuart J. Chanen
    Jeffrey L. Rudd
    Katten Muchin Rosenman LLP
    525 West Monroe Street
    Chicago, IL 60661-3693
    (312) 902-5200
    Attorneys for Defendants

#60426863

## **CERTIFICATE OF SERVICE**

I certify that on December 7, 2005, I electronically filed the foregoing *Agreed Motion for Approval of Settlement and Dismissal of Claim* with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

>Robin B. Potter
>Robin Potter & Associates, P.C.
>111 South Wacker Drive, Suite 2600
>Chicago, Illinois 60601

>s/ Jeffrey L. Rudd
>Jeffrey L. Rudd
>Attorney for Defendants
>Katten Muchin Rosenman LLP
>525 West Monroe Street
>Chicago, Illinois 60661-3693
>(312) 902-5200 – Phone
>(312) 902-8825 – Facsimile
>jeffrey.rudd@kattenlaw.com