IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL VANDER VENNET, et al., )
)
        Plaintiffs, )
)
  v. ) No. 05 C 4889
)
AMERICAN INTERCONTINENTAL )
UNIVERSITY ONLINE, CAREER )
EDUCATION CORPORATION, and )
STEVE FIRENG, an individual, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs allege that they were employed as admissions advisors for defendant American Intercontinental University Online ("AIU"). Also named as defendants are AIU's corporate parent Career Education Corporation and Steven Fireng, who is alleged to be an officer and employee of both corporate defendants. All three defendants are alleged to be "employers" as that term is used in the three statutes upon which plaintiffs base their claims. Plaintiffs allege that defendants wilfully failed to pay them overtime in violation of the Fair Labor Standards Act ("FLSA"), 219 U.S.C. § 213(a)(1); the Illinois Minimum Wage Law, 820 ILCS 105/4(A); and the Illinois Wage Payment and Collection Act, 820 ILCS 115/4.

In an order dated December 22, 2005, the court permitted plaintiffs to proceed as a collective action under 29 U.S.C. § 216(b). The court approved a notice to be sent to potential opt-ins. Defendants were directed to provide a list of names and addresses of admissions advisors employed by AIU from August 24, 2002 to and including November 1, 2004. Notices were to be mailed by January 31, 2006 (later extended to February 8, 2006) and potential plaintiffs had until April 14, 2006 (later extended to April 21, 2006) to opt in. On February 3, 2006, plaintiffs filed a motion to compel defendants to supplement the list of admissions advisors that had been provided.[1] The dispute concerns defendants omitting admissions advisors who were employed through one or more temporary agencies.[2]

There is no dispute that, during the pertinent time period, a large number of admissions advisors used by defendants were retained through temporary agencies (hereinafter the "Temporaries"). The Temporaries were in such status for one day to three months and approximately one-third were subsequently employed directly by AIU. There is evidence that the wages of Temporaries were paid to the Temporaries by the temporary

---

[1] Plaintiffs' motion to supplement their reply brief will be granted. The supplement and defendants' response thereto have been considered.

[2] Plaintiffs' also refer to "contract" workers. Defendants' response indicates that all of the admissions advisors at issue were retained through temporary agencies.

agencies. However, AIU chose which Temporaries to accept, trained the Temporaries, and made decisions as to whether the Temporaries should continue in the position. The declarations of AIU human resources personnel that defendants provide support that Temporaries differed from regular admissions advisors in only three ways. Temporaries were (a) paid through the temporary agency; (b) were not eligible for benefits; and (c) had appointments of 90 days or less. Persons who only worked as Temporaries were omitted from the list of admissions advisors provided to plaintiffs. Persons who started as Temporaries, but were later directly employed by AIU, were included in the list that was provided. Defendants did not include the Temporaries because they contend the Temporaries are not employees as that term is used under the FLSA.

Plaintiffs contend they requested and the court ordered that names and addresses be provided for all employees and therefore the Temporaries should have been included because they are employees under the FLSA. In court, however, plaintiffs acknowledged that, in related litigation also concerning AIU admissions advisors,[3] defendants had previously disputed whether the Temporaries are AIU employees for FLSA purposes. Despite knowing of the dispute, plaintiffs' motion regarding FLSA notice did not raise this issue. Plaintiffs did not raise or address

---

[3]The related litigation is described in the December 22, 2005 Opinion at 5-7.

the issue of whether the plaintiffs then in the case were similarly situated to Temporary employees. However, plaintiffs asked for the names of all admissions advisors and, despite lengthy and multiple briefs in opposition in which defendants raised a number of extraneous and meritless issues, defendants (who were also well aware of the dispute concerning Temporaries) did not argue that the Temporaries should be omitted. This is not an appropriate circumstance for finding that plaintiffs have waived the opportunity to include the Temporaries among those receiving the opt-in notice.

Defendants also contend that Temporaries cannot properly be included in the opt-in class because the original plaintiffs were not Temporaries. It is undisputed that all the original plaintiffs in the case were employed directly by AIU, though one had initially begun as a Temporary. That plaintiff, though, settled and dropped out of the case after the motion to send notice but before the December 22 ruling. More than 60 additional plaintiffs have since opted into the case. At least one of the subsequent opt-ins worked as a Temporary, if not more. Even if that plaintiff was later hired as a regular employee, there is already an issue of whether that plaintiff's time as a Temporary was also subject to the FLSA. Workers who worked only as Temporaries do not present an issue that is not already in the case. At this point in the litigation, there is an adequate showing of being similarly situated.

Defendants concede that the Temporaries are employees of the temporary agencies. See Def. Answer Br. at 5. Defendants contend that, as to AIU, the Temporaries are independent contractors. Defendants rely on a multi-factor test generally applied for determining whether a worker is an employee or independent contractor for purposes of the FLSA, and choose to focus on one aspect of the Temporaries' situation. Relying on Secretary of Labor v. Lauritzen, 835 F.2d 1529, 1538 (7th Cir. 1987), cert. denied, 488 U.S. 898 (1988), defendants contend the focus must be on whether the Temporaries had economic dependence and further contend that the Temporaries could not have had economic dependence on AIU because they worked there for short periods and may have also been assigned to other companies by the temporary agencies. The potential issue in the present case, however, is not whether the Temporaries were employees or independent contractors, but whether (for FLSA purposes) they should be considered employees of the temporary agencies, employees of AIU, or employees of both. In joint employment situations such as the present one, the ultimate focus is on the amount of control each potential employer exercises over the employment situation. See Zheng v. Liberty Apparel Co., 355 F.3d 61, 72 (2d Cir. 2003); Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 675-76 (1st Cir. 1998); Vega v. Contract Cleaning Maintenance, Inc., 2004 WL 2358274 *5-7 (N.D. Ill. Oct. 18, 2004). Defendants do not dispute the evidence submitted

by plaintiffs supporting that AIU had sufficient control over the Temporaries to be their sole or joint employer. Plaintiffs have made a sufficient showing to support sending an opt-in notice to the Temporaries. Defendants will be required to disclose the names and addresses of the Temporaries.[4]

Defendants will be required to provide the additional names and addresses by no later than April 12, 2006. Notices to the Temporaries should be mailed by May 12, 2006. In those notices, the date for opting in contained in ¶ 4 of the notice shall be changed to June 23, 2006. This new deadline will apply to all opt-ins, including those who have already received notices.

Plaintiffs' motion also contains additional requests. Plaintiffs request that the time period for calculating back pay be tolled. No argument in support of this contention is provided until plaintiffs' reply. In any event, this aspect of the motion is premature and lacks sufficient evidentiary support. The issue should await summary judgment or trial. The present request will be denied without prejudice to raising any adequately supported tolling issue at the appropriate point in this litigation.

---

[4] While this is not a final determination that AIU was an employer of the Temporaries, defendants should not subsequently contend otherwise if there is insufficient evidence to nonfrivolously show that the Temporaries were not employees of AIU.

As of March 2, 2006, plaintiffs had sent 909 notices and no response had been received from 709 persons. Fifty or more notices had been returned undeliverable. Approximately 70 recipients have completed the form requesting to opt in. Plaintiffs request that defendants provide the social security number and last known telephone number for every admissions advisor on the list. Plaintiffs want to use this information to attempt to locate new addresses for the returned notices. They also want to use this information to ensure that they had correct addresses for the 709 who did not respond. While it is possible that some of those 709 did not receive the notice, there is no reason to assume that it is a substantial number. Defendants will not be required to provide additional information regarding that group of 709. Moreover, in this day, providing sensitive personal data such as a social security number is not to be done lightly. Nor should people who appear to have no or little interest in joining the lawsuit be faced with the possibility of being contacted by telephone or having additional personal information released.

As to any persons for whom notices have been or subsequently are returned (including Temporaries), defendants will be required to provide the last known home telephone numbers if plaintiffs make a specific request. Plaintiffs may only use these numbers to search for a new address, not to make unsolicited telephone calls to the potential opt-ins. To the

extent there is substantial further delay in sending notices to new addresses, further extension of the deadline will be considered on an individual basis by motion at the time the potential plaintiff moves to opt-in.

IT IS THEREFORE ORDERED that plaintiffs' motion to supplement their reply [51] is granted. Plaintiffs' motion to supplement court ordered lists of admissions advisors [42] is granted in part and denied in part. By April 12, 2006, defendants shall provide the names and addresses of Temporaries. By May 12, 2006, plaintiffs shall send notices to the Temporaries with an opt-in deadline of June 23, 2006. Upon specific request from plaintiffs, defendants shall provide the last known home telephone number (if any) of those whose notices have been returned undeliverable.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: APRIL 5, 2006