IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL VANDER VENNET, et al.,           )
                                      )
                Plaintiffs,            )
                                      )
        v.                            )    No. 05 C 4889
                                      )
AMERICAN INTERCONTINENTAL             )
UNIVERSITY ONLINE, CAREER             )
EDUCATION CORPORATION, and            )
STEVE FIRENG, an individual,          )
                                      )
                Defendants.            )

## MEMORANDUM OPINION AND ORDER

In this case, plaintiffs allege that defendants wilfully failed to pay them overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 213(a)(1); the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4(A); and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/4. Plaintiffs were previously granted permission to send notice to potential opt-ins. See 29 U.S.C. § 216(b). Currently, there are approximately 170 plaintiffs in this case. Defendants presently contend that 41 plaintiffs should be dismissed for failing to provide verified answers to interrogatories regarding the particular hours each plaintiff worked for which he or she allegedly was not properly compensated.[1]

---

[1]Sixteen plaintiffs have requested to be voluntarily dismissed. See Pl. Memo. at 2 n.2. (Plaintiffs state "17,"

It is undisputed that 114 of the plaintiffs have provided verified answers. In those answers, all or most plaintiffs objected to the interrogatories on the ground that defendants have not retained or provided them with the records necessary to precisely determine the uncompensated time. Plaintiffs generally answered by estimating the average number of uncompensated hours that they worked each week. While not the subject of the present motion, defendants characterize these answers as deficient. Thirty-seven of the 41 plaintiffs that defendants still seek to dismiss have provided a joint unverified answer to the interrogatories that is similar in form.[2] The unverified answer raises the same objections as the verified answers and all those joining in estimate that they averaged five hours of unpaid overtime per week.

The issue before the court is whether the 37 opt-in plaintiffs can be dismissed for failing to provide verified answers, as well as four others who did not answer the interrogatories. These plaintiffs raise three grounds why they should not be dismissed. One, they contend they cannot be

---

but the list only includes 16.) The count of 41 comes from Appendix A to defendants' reply, which lists 56 plaintiffs who have not responded to interrogatories, but 15 of those on the list are among the 16 requesting dismissal. (Defendants failed to mark that Ryan Gaydos is also requesting dismissal.)

[2]Sekena Holloway, Richard Koenig, Dushawn McNabb, and Joi Morris are the four who neither joined in the unverified answer nor requested dismissal.

dismissed unless the court first expressly orders that they provide verified answers and then they fail to do so. Two, they contend that they should not be compelled to answer the interrogatories because (a) answers from a representative sample are sufficient in an FLSA opt-in case or (b) defendants' failure to keep or provide adequate records prevents them from providing an individualized and detailed response. Three, defendants are not prejudiced by the lack of a verified answer or non-response because additional answers would not add anything to what other plaintiffs have already provided.

It is unnecessary to resolve the question of whether defendants in an FLSA case are ordinarily entitled to individualized, verified responses from each opt-in in the case. At this time, the court also declines to resolve whether the inability to reconstruct such hours is the fault of defendants' inadequate record keeping and/or failure of defendants to provide adequate responses in discovery. It is clear that none of the plaintiffs will be identifying particular hours for which they were uncompensated. Therefore, it is pointless to require that the 37 plaintiffs verify their joint answer nor to require that the other four plaintiffs provide specific responses. At trial or on summary judgment, plaintiffs will not be permitted to prove unpaid hours based on a method or evidence not disclosed in

response to discovery that requested such information.[3] In other words, as this court has stated on numerous occasions, neither side will be permitted to "sandbag." On the present motion, the court declines to specifically limit any proofs based on the disclosures that have been made. Instead, it is expected that plaintiffs (and defendants) will not attempt to use any evidence that was not properly disclosed in response to discovery. To the extent plaintiffs (or defendants) violate that rule, the opposing side may raise an appropriate objection, either in a summary judgment brief, as an objection in the pretrial order, or at trial.

At the present time, the only plaintiffs that will be dismissed are those who have requested dismissal.

It is therefore ordered that defendants' motion to strike and dismiss claims [141] is granted in part and denied in part. Plaintiffs Nicole Blow, Stephen Causey, Jr., Natthita Chaiphiphat, Brian Chung, Kim Coan, Matthew Crow, Norbert d'Cruz, Alexius Galloway, Ryan Gaydos, Michael V. Harris, Jurgen Heinz, Norman LaBrasca, Steven Melnyk, Ryan O'Shaughnessy, Drew Richardson, and James Tshohas are dismissed from this action with

---

[3]The plaintiffs who joined in the joint answer and did not file a separate verified answer will not be permitted to claim more than five hours per week of unpaid overtime as represented in the unverified answer. The four plaintiffs who provided no answer will be limited to the lowest amount claimed by any plaintiffs, which apparently is an average of two hours per week of unpaid overtime.

prejudice. A status hearing will be held on July 18, 2007 at 11:00 a.m.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: JUNE 21, 2007