IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL VANDER VENNET, et al.,           )
                                       )
              Plaintiffs,              )
                                       )
       v.                              )   No. 05 C 4889
                                       )
AMERICAN INTERCONTINENTAL              )
UNIVERSITY ONLINE, CAREER              )
EDUCATION CORPORATION, and             )
STEVE FIRENG, an individual,           )
                                       )
              Defendants.              )

## OPINION AND ORDER

In this case, plaintiffs, current or former admissions advisors employed by defendant American Intercontinental University Online ("AIU"), allege that defendants wilfully failed to pay them overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 213(a)(1); the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4(A); and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/4.  Plaintiffs were previously granted permission to send notice to potential opt-ins.  See 29 U.S.C. § 216(b).  Currently, there are approximately 150 plaintiffs in this case.  Defendants presently contend that the claims of 77 plaintiffs should be dismissed because they have failed to answer interrogatories, failed to respond to requests to schedule a deposition date, and/or failed

to appear for or reschedule depositions. With the exception of three plaintiffs who have asked to withdraw from the case,[1] plaintiffs oppose this motion. Also pending is plaintiffs' motion to compel discovery. The motion to compel will be considered first.

There are three parts to the motion to compel: (a) document production, (b) inspection of premises, and (c) depositions. As to document production, defendants contend the motion should be denied as untimely. On January 27, 2006, plaintiffs served their first request for production of documents. On March 3, 2006, defendants produced documents and also raised objections to many of the requests. In June 2006, defendants supplemented their response. On April 5, 2007, plaintiffs sent defendants a letter reciting deficiencies with the responses. Plaintiffs do not dispute that, other than raising an issue regarding certain illegible documents, plaintiffs had not previously informed defendants that they had any problem with defendants' response and objections. On April 23, 2007, defendants responded that plaintiffs were untimely, but suggested they engage in a discovery conference. On April 25, 2007, plaintiffs filed a second Rule 34 request, which repeated many of the issues still disputed from their first

---

[1]The claims of Patricia Alonzo, Azuku Oji, and Elina Prudinski will be dismissed without prejudice.

production request. Defendants represent that plaintiffs did not respond to the offer of a discovery conference and that defendants heard nothing about the discovery dispute until plaintiffs filed their motion to compel at the end of October.[2] While plaintiffs do not expressly dispute this representation, the representation is inconsistent with the fact that, on August 31, 2007, defendants supplemented their answers to both the first document request and second Rule 34 request. In response to defendants' timeliness objection, plaintiffs do not provide any direct explanation for any delay. They point to the substantial number of disputes that they or their attorneys have had to address in this and two similar overtime cases against the same employer, but plaintiffs' primary response is that they are not untimely because they are neither near to nor past the discovery cutoff in this case, which does not yet have a specific discovery cutoff date.

---

[2] Plaintiffs rely on the April correspondence as their compliance with the requirement of Fed. R. Civ. P. 37(a)(2) and N.D. Ill. Loc. R. 37.2 that a party engage in a good faith attempt to resolve a discovery dispute before bringing a motion to compel. While it is questionable whether the April correspondence alone fully complied with these rules, it is recognized that the parties in this case have often had difficulty both communicating with each other and resolving disputes on their own without court intervention, though, as the case has gone on, they have appeared to be better able to cooperate with each other and it is hoped that such relations will continue. The motion will not be denied for failure to comply with Local Rule 37.2. Cf. Murata Mfg. Co. v. Bel Fuse, Inc., 242 F.R.D. 470, 474 (N.D. Ill. 2007).

The Federal Rules and our Local Rules contain no express deadline for filing a motion to compel. While specific circumstances must be considered, case law generally supports that the outside deadline is that the motion should be brought within time to complete the discovery prior to the date otherwise set for the close of discovery, though even that may be somewhat flexible. See Murata Mfg. Co. v. Bel Fuse, Inc., 242 F.R.D. 470, 475 & n.4 (N.D. Ill. 2007). Here, there is no discovery deadline, so any responses presently ordered can be timely completed. Also, it is recognized that the hard-fought, contentious nature of this litigation, as well as the large number of plaintiffs involved, has resulted in a case that moves at a plodding pace. The merits of the motion to compel will be considered; it will not be denied as untimely. However, because of plaintiffs' delay in pursuing this motion, their failure to make all possible attempts to resolve the discovery dispute without filing a motion, and their partial success on the motion, plaintiff will not be awarded their costs for bringing this motion.

Defendants agree that certain document production should be provided. See Def. Br. at 3-5. Any of those documents that have not yet been turned over to plaintiffs must be provided within two weeks. The items that plaintiffs discuss in their reply as still being in dispute will be specifically addressed.

AIU's electronic phone logs for April 2002 though June 2003 were taped over. Defendants' position is that this was inadvertently done by an employee who did not even know about there being a dispute regarding overtime. Regardless of any fault in the destruction of the data, plaintiffs should be provided an opportunity to recover the data. Although one of defendants' witnesses has testified that the lost data is not recoverable, plaintiffs' expert states that there is a possibility of recovery of some useful information. Defendants shall permit plaintiffs' designated expert to have reasonable access to AIU's ECAS phone system and Veritas backup system for this purpose. Plaintiffs' expert has also examined the electronic version of the "Should I Stay Memo" and has found metadata supporting that prior versions existed. Plaintiffs' expert shall also be provided reasonable access to appropriate personal computers or AIU's computer network in order to search for other versions of the document. The above-described access must be provided within one month or on a later date if mutually agreed upon by the parties.

Defendants have agreed to a search of pre-2004 email. Plaintiffs want to search for emails that include plaintiffs' names since those emails may support that plaintiffs were still at work before or beyond the time for which they were paid that day. They also want to search for email mentioning witnesses'

names and overtime. Based on the possibility of some documents being protected by attorney-client privilege, defendants want an independent vendor to be used, not plaintiffs' expert. If, at their own expense, defendants want to first conduct their own search to find possible privileged emails, they are free to do so. They would then be required to provide a privilege log and plaintiffs' expert would be excluded from examining the contents of the privileged documents.[3] Absent a mutual agreement to a later date, within 45 days defendants shall provide plaintiffs' expert with reasonable access to the pre-2004 e-mail database.

The "team lists" are not fully readable in the photocopies provided. Within two weeks, defendants shall either provide fully readable, color photocopies of the team lists or the team lists in the electronic format requested.

At least some plaintiffs saved electronic versions of their time sheets to their individual computers. Even if the sheets were modified each week and then saved over the prior version, metadata may show what changes were made. Within one month or on a later date if mutually agreed upon by the parties, plaintiffs' expert shall be provided reasonable access to plaintiffs' personal computers (if still in defendants'

---

[3]Plaintiffs, of course, would have the opportunity to raise objections to any claim of privilege.

possession) or access to any network database to which the timesheets may have been saved.

One plaintiff contends that it was requested that she provide sexual favors in return for being paid overtime and that she complained to Human Resources, which investigated. Another plaintiff contends she made an oral complaint to a Human Resources officer about not being paid overtime. Defendants represent that no related paper documents have been found. That representation will be accepted. Plaintiffs' expert, however, may search for any electronic records as part of the other searches being permitted.

This court previously ruled that plaintiffs would not be permitted to see supervisors' personnel files absent a specific showing of a need to see the file of a particular supervisor. Plaintiffs make no such showing. Defendants will not be required to disclose personnel files of supervisors. However, to the extent that defendants attempt to present at trial (or on summary judgment) the testimony of a supervisor that he or she was paid all the overtime that supervisor worked when still an admissions advisor, such testimony will not be permitted unless all relevant time records for that supervisor were disclosed in discovery.

Plaintiffs seek payroll records regarding overtime paid to all admissions advisors (not just plaintiffs) and budgets for overtime. Plaintiffs contend this would enable them to respond

to contentions of defendants that defendants paid significant overtime, holiday pay, vacation pay, and other benefits. It is doubtful that evidence of paying other benefits would be relevant at trial. Absent evidence regarding the amount of overtime actually worked by other employees, the amount of overtime pay other employees received would be irrelevant. Defendants will not be compelled to provide this information, but they should also recognize that, even if otherwise deemed relevant, they will not be permitted to present evidence about overtime paid to non-plaintiffs if they did not disclose all documents pertinent to the overtime of the non-plaintiffs.

Plaintiffs seek an inspection of AIU premises in order to obtain evidence, including photographs, to support that supervisors could see that employees were at their work stations working overtime. Plaintiffs' testimony about the arrangement of the office and their interaction with supervisors is sufficient. There is also no sufficient reason to permit plaintiffs to physically inspect AIU's document retention and destruction room. Defendants will not be required to allow an inspection of premises.

Plaintiffs will be permitted to depose Debbie Love, Duane Dillard, Rich Kennedy, and Jeremy Wheaton, all of whom testified at the trial of one of the similar cases, but none of whom were previously deposed. Plaintiffs represent that these witnesses'

trial testimony did not cover all the issues related to the 150 plaintiffs in the present case. The court will not attempt to determine what questions might be duplicative of the prior testimony, but plaintiffs' counsel is expected to act in good faith in attempting to avoid unnecessary duplication.

Plaintiffs are entitled to conduct a Rule 30(b)(6) deposition concerning AIU's computer network, phone system, and document retention and destruction practices even if the person submitted is somebody who has previously been deposed in the other cases. Again, plaintiffs' counsel is expected to act in good faith to avoid duplication of prior testimony.

Still to be considered is defendants' motion to dismiss certain plaintiffs based on their failure to comply with discovery. Defendants issued two sets of interrogatories that every plaintiff was required to answer individually. As to the first set of interrogatories, which included questions about unpaid overtime each plaintiff claimed to have worked, the court previously declined deciding whether individual responses were necessary since it was clear from a joint response that many plaintiffs would not identify specific hours. Instead, it was held that plaintiffs that provided a joint answer would be limited to claiming no more than five hours a week of overtime and those who provided no answer would be limited to two hours per week. See June 21, 2007 Opin. [155] at 3-4 & n.3. The

second set of interrogatories contained four questions concerning each plaintiff's interaction with supervisors regarding overtime. Plaintiffs did not specifically object to answering these interrogatories. In ruling on a related motion opposing individual depositions of plaintiffs, the court stated: "I think the [second set of] interrogatories are reasonable and they should be answered. So they will stand." Sept. 26, 2007 Tr. at 7. See also id. at 6; September 26, 2007 Order [164] (denying plaintiffs' motion for protective order). Some of the plaintiffs that are the subjects of the pending motion to dismiss answered neither set of interrogatories and some plaintiffs answered only one set. A few answered both sets. All of the plaintiffs that are the subjects of the pending motion received notices to be deposed. In the second notices sent, instead of defendants setting specific dates for the depositions, defendants provided a list of dates and times for each plaintiff to choose from. Some plaintiffs did not schedule any date and others scheduled depositions but cancelled or failed to appear without scheduling a new date. Defendants move to dismiss all plaintiffs who were noticed for a deposition, but have not yet appeared and do not have a scheduled deposition date.[4] Most of these plaintiffs have

---

[4]Plaintiffs represent that plaintiff Patricia Mattison had a deposition scheduled for November 20, 2007, which was subsequent to the November 13 filing of defendants' reply brief. It will be assumed that she appeared for the deposition so the

also failed to answer one or both sets of interrogatories.[5] Plaintiffs' principal argument for not dismissing their claims is that defendants have unclean hands because they have not been diligent in responding to discovery and they have destroyed evidence.

In their initial motion, defendants seek dismissal with prejudice. In their reply, though, defendants do not oppose dismissing claims without prejudice and allowing reinstatement of any plaintiff who subsequently answers the interrogatories and appears for a deposition. Regarding dismissals with prejudice as a discovery sanction, the Seventh Circuit has held that "[t]he drastic nature of a dismissal with prejudice requires the action to be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." Rice v. City of Chicago, 333 F.3d 780, 784 (7th Cir. 2003) (quoting GCIU Employer Retirement Fund v. Chicago Tribune Co., 8 F.3d 1195, 1199 (7th Cir. 1993)). "[The] ultimate sanction is reserved for cases in

---

dismissal of her claim is not at issue. Also, three plaintiffs are identified who had good reason for cancelling or not initially scheduling their deposition dates. It is represented that they will schedule their depositions when able. These three previously answered both the first and second sets of interrogatories. The claims of Maryanne Romito, Benjamin Frizielle, and Bijana Divjakovic will not be dismissed.

[5]Two of the plaintiffs still at issue answered both sets of interrogatories.

which the offending party has demonstrated wilfulness, bad faith, or fault." Id. (quoting Long v. Steepro, 213 F.3d 983, 986 (7th Cir. 2000)). "[D]istrict courts should only impose sanctions that are 'proportionate to the circumstances surrounding a party's failure to comply with discovery rules.' Melendez v. Illinois Bell Tel. Co., 79 F.3d 661, 672 (7th Cir. 1996). Among the factors included in the analysis are 'the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit.' Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998)." Rice, 333 F.3d at 784. Any dilatory conduct or failure to comply with discovery rules should also be considered in light of any discovery misconduct on the part of the party moving for sanctions. See id. at 784-85.

Plaintiffs contend that defendants have unclean hands because defendants have destroyed a number of records. It is uncontested that phone records from a 15-month period were taped over. Defendants also do not dispute that Franklin Planners (appointment calendars) that many plaintiffs left behind when leaving employment with AIU have been lost or destroyed.[6]

---

[6]Plaintiffs also point to evidence that, after an employee quits working for AIU, certain documents from the

Plaintiffs, though, do not point to evidence supporting that any of the evidence was intentionally destroyed to avoid disclosure in the lawsuit. Plaintiffs contend it is inappropriate to take depositions at this time because they are still trying to reconstruct some of the lost records. That, however, is not a concern of plaintiffs. They can continue to reconstruct records after their depositions are taken. If later reconstruction of records refreshes a plaintiff's memory, she or he will not be prevented from testifying based on that refreshment even if the later testimony is inconsistent with prior deposition testimony. See Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1314 n.3 (7th Cir. 1989); Lennon v. Christoph, 1997 WL 57150 *5 (N.D. Ill. Feb. 7, 1997); Issen v. GSC Enterprises, Inc., 522 F. Supp. 390, 403 n.13 (N.D. Ill. 1981). By taking the deposition now, it is defendants, not plaintiffs, who will be deprived of the opportunity to depose plaintiffs in light of any additional documents or reconstruction.

Plaintiffs also contend that defendants cannot complain about plaintiffs failing to promptly appear for depositions since

---

employee's personal computer are saved to a centralized system and then the hard drive of the personal computer is scrubbed and the personal computer assigned to a new employee. The evidence presented only supports that this was done to computers of plaintiffs in another case and that it apparently was done as a routine practice before the lawsuit was filed. See Morton Dep. at 396-99.

defendants have also contributed to substantial delay in the case. In Rice, 333 F.3d at 784-86, the Seventh Circuit held that it was an abuse of discretion to dismiss a plaintiff's claims based on failure to meet discovery deadlines and obey court orders since defendants were also engaging in the same or similar conduct. The issue presently before the court, however, is not simply a matter of delaying the discovery process.[7] The issue is whether particular plaintiffs are going to appear for depositions. It has previously been held that each individual plaintiff must provide deposition testimony if requested by defendants. See Sept. 26, 2007 Order [164]; Sept. 26, 2007 Tr. If a plaintiff fails to provide deposition testimony, a discovery sanction would be appropriate. See Fed. R. Civ. P. 37(d). This may include the sanction of dismissal with prejudice. Id. 37(b)(2)(C);[8] Kojis v. Equifax Credit Information Services, 2004 WL 1005664 *9-10 (N.D. Ill. May 6, 2004), recommendation of magistrate j. adopted, 2004 WL 2260638 (N.D. Ill. Sept. 27, 2004). Another possibility would be to draw an adverse inference from the failure to testify. But, here, the plaintiff's own testimony is so central to any claim that the appropriate

---

[7] As to delays in this proceeding, it cannot be found that plaintiffs as a whole have contributed any more to delays in this case than have defendants.

[8] Rule 37(d) incorporates specified sanction provisions of Rule 37(b)(2).

sanction would be dismissal of the case.  The question, though, is whether this case has already reached the point where certain plaintiffs' claims should be dismissed for having failed to appear for a deposition.

When defendants noticed 87 plaintiffs for depositions,[9] plaintiffs moved for a protective order limiting the number of depositions.  That motion was denied.  It was found that defendants were entitled to depose each individual plaintiff.  In ruling on the motion for a protective order, the court stated:

> I'm going to tell you now that if the plaintiffs don't show up and they don't answer interrogatories, I'm going to entertain a motion to dismiss for want of prosecution.
> So if these people don't show up, they are not that much interested in the case, then out they go.  And that may make the case manageable for everybody.  I'm telling you that now so you warn them that the Judge says if you don't show up, you're not involved.  And that gives them the chance to say, I don't want to be involved.  And if they don't want to be involved, then that's okay.
> I will dismiss without prejudice, however.

Sept. 26, 2007 Tr. at 7.

Although plaintiffs contend that they cannot be sanctioned because not violating an explicit written order, the

---

[9]Defendants do not hide that fact that one, if not the primary, purpose of seeking depositions of a large number of individual plaintiffs was winnowing out the claims of plaintiffs who were not interested enough in pursuing their claims to appear for a deposition.

prior order requirement applies to sanctions directly under Rule 37(b), not sanctions for a party's failure to attend a deposition, which falls under Rule 37(d). Sanders v. City of Fresno, 2007 WL 2345001 *1 (E.D. Cal. Aug. 16, 2007); Wolde-Giorgis v. Anderson, 2007 WL 756924 *4 (D. Ariz. March 8, 2007). Even if a prior order were required, an oral statement by the court is sufficient; a written order is not required. See Halas v. Consumer Servs., Inc., 16 F.3d 161, 164 (7th Cir. 1994); Brandt v. Vulcan, Inc., 30 F.3d 752, 756 n.7 (7th Cir. 1994); Quela v. Payco-General Am. Creditas, Inc., 2000 WL 656681 *6 (N.D. Ill. May 18, 2000). Additionally, here a written order was entered denying plaintiffs' motion for a protective order precluding the depositions. See Sept. 26, 2007 Order [164].

Although plaintiffs were warned in advance that their failure to appear could result in sanctions, the sanction of dismissal generally will not be imposed unless the plaintiff repeatedly fails to appear for a deposition or otherwise repeatedly fails to comply with discovery. See Halas, 16 F.3d at 165; Will ex rel. Gen. Dynamics Corp. Sav. & Stock Inv. Plan v. General Dynamics Corp., 2007 WL 3145052 *2 (S.D. Ill. Oct. 25, 2007); Mnyofu v. City of Country Club Hills, 2006 WL 1519332 *2-3 (N.D. Ill. May 25, 2006). Here, each plaintiff has been offered two or more opportunities to be deposed. Initially, depositions were noticed for specific dates in September.

Thereafter, plaintiffs were offered their choice of dates in October and November. Defendants do not specifically identify plaintiffs who chose dates and then cancelled or failed to appear nor who simply failed to respond at all. Just as defendants expect individualized discovery responses, they must deal with plaintiffs individually, not simply as a group. Nevertheless, except for the few individuals identified above, plaintiffs do not dispute that they have failed to comply with at least two requests to appear for depositions.

Even in light of the court's specific warning, two failures to appear for depositions does not necessarily make out an exceptional case justifying the harsh sanction of dismissal. However, those plaintiffs who have previously failed to respond to either set of interrogatories have already indicated a lack of interest in pursuing their claims. Those plaintiffs who have failed to provide any interrogatory responses and who have also failed, at least twice, to appear for noticed depositions will be dismissed from this action without prejudice. This is not the harshest sanction of dismissal with prejudice. It allows this case to proceed without plaintiffs who so far have shown only a minimal interest[10] in pursuing their claims. If such plaintiffs

---

[10] All plaintiffs have at least shown enough interest to complete an opt-in form.

appear for their depositions sufficiently prior to the close of discovery, they may move to reinstate their claims.

Those plaintiffs who have answered one set of interrogatories have shown more than minimal interest in pursuing their claims. After the holidays, defendants shall provide those plaintiffs with at least one more opportunity to appear for a deposition. Absent a sufficient excuse, any of those plaintiffs who again fail to appear, will be dismissed without prejudice on the motion of defendants.

Two plaintiffs, James Latuszek and Christine Raczkiewycz, have shown a continued interest in this case by responding to both sets of interrogatories. Defendants must provide each of them with at least one more opportunity to appear for a deposition. Even if they again fail to appear, these plaintiffs will not be dismissed absent a motion specifically describing the attempts to depose them.

IT IS THEREFORE ORDERED that defendants' motion to dismiss certain plaintiffs [179] is granted in part and denied in part. Plaintiffs Dontele LaPriest Addison, Serena Alam, Patricia Alonzo, Timothy Battle, James Bernath, Philip Carroll, Rachel Clark, Veronica Coleman, Nicholas Crear, Aaron Evans, Sekena Holloway, Antwaun Hunter, Alex Jones, Jenni Knight, Richard D. Koenig, Samuel Lamb, Sanita Lewis, Glen Lowe, Lauren Mazz-Kautman, Michael Montagano, Kevin Moran, Jr., Nicholas Murphy,

Bridget O'Berry, Azuku Oji, Geri Pettis, Elina Prudinski, Alif Ramsey, Jeanette Ratajczak, Ignatius Reeves, Tia Robinson, Jose Luis Santos, Jr., Sherry A. Sharp, Todd Shelby, Jamie Sutherland, Georgi T'Velil, Aaron Warren, Angela Whittier, and Anthony S. Zito are dismissed from this action without prejudice. Plaintiffs' motion to compel [159] is granted in part and denied in part as stated in this court's opinion of this date. Each party shall bear its own costs related to the motion to compel. A status hearing will be held on January 16, 2008 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 13, 2007